**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR 03-1167-PHX-DGC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER DENYING** |
| ) | **MOTION TO DISMISS** |
| ) | **COUNTS ONE AND TWO** |
| Calvin B. Schaefer, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

Pending before the Court is Defendant Calvin B. Schaefer's Motion to Dismiss Counts One and Two of the Superceding Indictment. (Dkt. 956.) The Government filed a response opposing Defendant's motion. (Dkt. 1071.) No reply has been filed.

**DISCUSSION**

In Counts One and Two of the Second Superceding Indictment ("Indictment"), Defendant is charged, respectively, with racketeering under the Racketeer Influenced and Corrupt Organization Act ("RICO"), in violation of 18 U.S.C. § 1962(c), and RICO conspiracy, in violation of 18 U.S.C. § 1962(d). (Dkt. 541.) Defendant seeks dismissal of these Counts on the grounds that the Indictment fails to support the elements of the charges. Specifically, Defendant claims, with respect to both Counts, that the Indictment fails to allege that Defendant engaged in a pattern of racketeering activity.

The elements of a RICO conspiracy as alleged in Count Two include a substantive RICO violation. See United States v. Frega, 179 F.3d 793, 821 (9th Cir. 1999). Therefore,

each of the challenged counts must allege a pattern of racketeering activity. Count Two of the Indictment incorporates Count One's general allegations concerning the racketeering enterprise, its purpose, and its means and methods of operation. (Dkt. 541 at 10.) These incorporated allegations do not include the detailed allegations of predicate acts set forth in Section E of Count One, but they do refer to the criminal conduct that is described in more detail in the predicate acts. (Id. at 3-5.) Moreover, the Defendants named in Count Two all appear in Count One as well. (Id. at 10.) The Court concludes that Count Two adequately incorporates the pattern of racketeering alleged in Count One and that a defendant reading the Indictment would be on notice of the racketeering charges against him.[1]

In considering a pre-trial motion to dismiss an indictment for failure to state an offense, the Court must accept the truth of the allegations in the indictment. See United States v. Jensen, 93 F.3d 667, 669 (9th Cir.1996). In analyzing whether an offense has been properly charged, the Court is bound by the four corners of the indictment. U.S. v. Boren, 278 F.3d 911, 914 (9th Cir. 2002); see Jensen, 93 F.3d at 669. "The indictment either states an offense or it doesn't. There is no need for an evidentiary hearing." U.S. v. Boren, 278 F.3d at 914. "Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double

---

[1] Defendant argues that the criminal acts at issue in Count Two are not clear. He asserts, for example, that the murder allegation in Count Two is ambiguous because the Defendants alleged to have committed the murder of Cynthia Garcia – Augustiniak and Eischeid – are not alleged to be part of the Count Two conspiracy and Count Two therefore must refer to some unidentified murder. (Dkt. 956.) Defendants Augustiniak and Eischeid are, however, expressly included in Count Two. (Dkt. 541 at 10, lines 8-9.) In fact, each of the Defendants named in Count Two is also named in Count One, and the language incorporated from Count One includes the same kinds of crimes as are alleged in the specific predicate acts of Count One. The Court concludes that Count Two sufficiently makes clear that the pattern of racketeering alleged in the two counts is the same.

- 2 -

jeopardy and to be informed of the offense charged." United States v. Rodriguez, 360 F.3d 949 (9th Cir. 2004) (quoting United States v. Woodruff, 50 F.3d 673, 676 (9th Cir.1995)).

Because the Indictment follows the statutory language and adequately sets out the elements of the offenses – describing the racketeering enterprise and identifying the racketeering acts – the Court will focus on Defendant's challenge to the sufficiency of the facts the Indictment alleges with respect to the pattern-of-racketeering-activity element. As it does so, the Court is informed by the Supreme Court's admonition that "RICO is to be read broadly" and "liberally construed to effectuate its remedial purposes." Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 497 (1985); see Ikuno v. Yip, 912 F.2d 306, 309 (9th Cir. 1990).

Count 1 alleges that Defendant violated 18 U.S.C. § 1962(c):

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

Violation of 18 U.S.C. § 1962(c), therefore, requires four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, 473 U.S. at 496; see United States v. Fernandez, 388 F.3d 1199, 1221 (9th Cir. 2004); Howard v. America Online Inc., 208 F.3d 741, 746 (9th Cir. 2000). A pattern of racketeering activity requires at least two predicate acts, a predicate act being defined as "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance . . ." that is an offense under state law "and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1).

The Indictment alleges that from 1999 through August 31, 2004, the Hells Angels Motorcycle Club ("HAMC") was an enterprise that engaged in racketeering activities. (Dkt. 541 at 5.) The Indictment further charges that HAMC members and associates, including

Defendant, committed 20 specific racketeering acts.[2]  (Id. at 5–9.)  Defendant asserts that the Indictment fails to allege a connection between these predicate acts sufficient to establish a pattern of racketeering activity. (Dkt. 956 at 3.)

A "'pattern of racketeering activity' requires at least two acts of racketeering activity, . . . the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). Analyzing the statute's language and legislative history, the Supreme Court has held that the occurrence of two predicate acts is necessary but not sufficient to establish a "pattern of racketeering activity." H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 237-238 (1989). Two additional requirements must be met: the Government must show "that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." Id. at 239 (emphasis in original); Fernandez, 388 F.3d at 1221 n. 11. A pattern of racketeering activity, therefore, requires proof that the acts are "related" and pose a threat of "continuity."

Predicates acts are related if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." H.J. Inc., 492 U.S. at 240 (quoting 18 U.S.C. § 3575(e)). As alleged in the Indictment, each of the predicate acts occurred under the auspices of the HAMC, was committed by an HAMC member or associate, and was undertaken for the purpose of furthering the HAMC's objective of protecting and expanding its territory and authority. (Dkt. 541 at 4.) These allegations, which must be taken as true for the purpose of ruling on Defendant's motion, are sufficient

---

[2] Defendant is alleged to have committed three predicate acts: the attempted murder of Mongols (members of a rival motorcycle gang) in the District of Nevada on or about April 27, 2002; distribution of methamphetamine in the District of Arizona on or about February 12, 2003; and distribution of methamphetamine in the District of Arizona on or about February 18, 2003. (Dkt. 541.)

- 4 -

to satisfy the requirement of relatedness. See United States v. Yarbrough, 852 F.2d 1522, 1544 (9th Cir. 1988) (evidence was sufficient to sustain RICO conviction where defendant committed three predicate acts "on the Order's behalf"); United States v. Smith, 413 F.3d 1253, 1269–70 (10th Cir. 2005) (predicate acts including murder and conspiracy to murder rival gang members were sufficient to show relatedness); United States v. Delgado, 401 F.3d 290, 298 (5th Cir. 2005) (predicate acts "committed in furtherance of [the gang's] business" were related).

Predicate acts satisfy the continuity requirement if they "amount to or threaten long-term criminal activity." H.J. Inc., 492 U.S. at 239. The threat of continuity "is sufficiently established where the predicates can be attributed to a defendant operating as part of a long-term association that exists for criminal purposes." Id. In addition, "the threat of continuity may be established by showing that the predicate acts or offenses are part of an ongoing entity's regular way of doing business." Id. Continuity also exists where "the racketeering acts themselves include a specific threat of repetition extending indefinitely into the future, and thus supply the requisite threat of continuity." Id.

The facts alleged in the Indictment satisfy the continuity requirement. The Indictment alleges that HAMC members engaged in 20 racketeering acts over a period of more than five years. (Dkt. 541.) Along with the acts alleged against Defendant, the Indictment charges HAMC members with committing predicate acts of kidnaping, murder, conspiracy to murder, witness tampering, and drug distribution. (Id.) The Indictment alleges that these acts were committed under the direction of the HAMC to further its unlawful nature, to maintain and increase its influence, and to benefit its members. (Id.) These allegations, which must be taken as true for purposes of this motion, support a finding that Defendant's role in three of the racketeering acts represented a threat of continuing criminal activity.

"Where the enterprise is an entity whose business is racketeering activity, an act performed in furtherance of that business automatically carries with it the threat of continued racketeering activity." United States v. Indelicato, 865 F.2d 1370, 1383–84 (2d Cir. 1989); see United States v. Torres, 191 F.3d 799, 808 (7th Cir. 1999); United States v. Diaz, 176 F.3d 52, 93–94 (2d Cir. 1999). As the Second Circuit has explained:

> in cases where the acts of the defendant or the enterprise were inherently unlawful, such as murder or obstruction of justice, and were in pursuit of inherently unlawful goals, such as narcotics trafficking or embezzlement, the courts generally have concluded that the requisite threat of continuity was adequately established by the nature of the activity, even though the period spanned by the racketeering activity was short.

United States v. Aulicino, 44 F.3d 1102, 1111 (2d Cir. 1995).

Here, the life of the racketeering activity alleged in the Indictment was not short. The predicate acts extended over a substantial period of time and inherently threatened future criminal conduct. Howard, 208 F.3d at 750. The Indictment in effect alleges that the HAMC was "operating as part of a long-term association that exists for criminal purposes" and that the racketeering acts were "part of an ongoing entity's regular way of doing business." H.J., Inc., 492 U.S. at 242.

Accepting the allegations as true for purposes of Defendant's motion, the Court finds that the Indictment sets forth a sufficient factual basis to show that Defendant engaged in a pattern of racketeering activity characterized by relatedness and continuity as required under 18 U.S.C. § 1962(c).

**IT IS ORDERED** that Defendant's motion to dismiss Counts One and Two of the Superceding Indictment (Dkt. 956) is **denied**.

DATED this 2nd day of February, 2006.

David G. Campbell
United States District Judge

- 6 -